Mr. Justice BRADLEY
(with whom concurred the CHIEF JUSTICE).
Whilst I concur in the opinion of the court, it seems to me that the decision may be placed on a still more satisfactory ground.
. The taxes in question were levied m 1870 under the 120th and 122d sections of the Internal Revenue Act of 1864, as amended. They were, in some cases, for earnings made in 1869, but divided' in 1870, and in others for earnings made' partly in 1869 and partly in 1870 (prior to the first of July, in the latter year), and divided in 1870, prior tp July, except in one case, in which the dividend was declared on the 5th of July.
If the 119th section of the Internal Revenue Act, which, directed that the income tax should cease to.be collected.in 1870, did not apply to the taxes imposed by tlie 120th and 122d sections, there is no doubt of the validity of the faxes in question, for there was no other limitation of time affixed to those sections except that made by the act of July 14th, *334 1870, which declared that sections 120 and 122 should be in force until the. ist of August, 1870, aud no longer. I am clearly of opinion now, as I always have been, that the 119th section did-not apply to the taxes imposed by sections.120 and 122. The group of sections from 116 to 119, inclusive, stood’ by themselves in the Internal Revenue.Act of 1862 under the head of “ income tax,” forming sections 89 to 93 of that act. They related to the annual income tax payable by individuals directly. They did not include the taxes payable by banks, insurance, railroad, and canal companies in .respect of their dividends aud earnings, and in respect of the interest on the bonds of the latter companies. The. latter, taxes, were payable-at a different time and in a different manner. The personal income tax was carefully defined, and-the respective duties of the individual and the assessor in reference to it were first fully set forth, and then came the 119th section,'which, iu' conclusion, directed when the tax -for each calendar year, thus imposed, should be levied, aild when it should be paid, namely (as directed in the last ■revision), it was to be levied in March and paid before the 30th of April in .each year, “ until and including the year 1870; and no longer.” This last expression is the one on which this whole 'question has been raised. -By the connection of the sentence, the meaning of the terms, and the rules of logic as well as grammar, this phrase can only apply to the annual personal tax o’f which-alone section 119 is treating.
The-taxes imposed by sections 120 and 122 on the banks, insurance, railroad,- and canal companies (which were never included in the. annual income tax, but expressly excluded, ov excepted therefrom) may be, as, in the-Baltimore and Ohio Railroad- case, we decided they were substantially, taxes on the stockholders and bondholders, though’ nominally, and in form, imposed on the companies. Still, they' .ai’e not .-referred to in the 119th section.. The only taxes referrod- to in that section' were tboáe annual taxes, payable directly by the individuals'.themselves, in’ April- (or some ■ other,month)' of each'year. • The Corporation -taxes were not .thú:s'payable, and were,not'included in the limitation.
*335 The phrase in question is first found in the Internal Revenue Act of July 1st, 1862, 12 Stat. 474, sec. 92. That act is divided into various parts, ranged under distinct and separate headings, which are inserted in large capitals in the body of the act. Thus'we have sections 68 to 75 under the head of “ manufactures, articles, and products;” section 76, under “ auction sales;” section 77, under “ carriages, - fe.;” sections 78 and 79, under “ slaughtered cattle, hogs, and sheep;” section 80, under railroads, steamboats, and ferry-boats,”.imposing a .tax of three percent, on gross earnings; section 81, under “railroad bonds,” being the section corresponding to section 122 in the act of 1864; sections 82 to 85, under “ banks, trust companies, savings institutions, and insurance companies,” corresponding to sections 120, 121' in the" act of 1864; seetions'86,87, under “ salaries and pay of officers, fc.;” section 88, under “ advertisements;” sections 89 to 93, under “income duty,” corresponding to sections 116 to 119 of the act of 1864, and so qn. Under the last heári, section 92 commences as follows: “ That the duties on incomes herein imposed shall be due and payable on or before the 30th day of June, in the year 1863, and in each year thereafter, until and including the year 1866, and no longer; and to any sum or sums annually due and unpaid for thirty days after the 30th of June, as aforesaid, and for ten days after demand thereof, &c., there shall be levied, in addition thereto, the sum of five per centum, &e., as a penalty, &e.” Here we have the exaofi language of section 119 in the act of 1864 and its subsequ^ amendments.- An inspection of the- act of 1862 shows de monstrably that the language of this section refers only to the income tax imposed by section 89, which exactly corre-sponds to section 116 of the act of 1864. • I believe no one who has carefully examined the act of 1862 ever had a doubt on the subject.
Now, all these various provisions for different classes of-taxes are contained in the act of 1864 and the several acts amendatory thereof, but • somewhat differently collocated. 'Thus the sections on income duty in the latter .act are .sections 116 to 119, and come before the sections on railroad *336 bonds, banks,, &c,, which are sections 120 to 122. But the general frame of the sections, and the language used in ea.ch respectively,' are the -same. Can it be possible' that the. phrase, “ until and, including' the year 1870, and no longeY” in section 119 of; the latter act, standing, as it. does, in substantially the samé sentence-and relative section as. the corresponding words did hi the act of 1862, embraced within 'their scope wholé classes of taxes which' if did not embrace in the act of 1862? taxes totally repugnant as.to time and manner of - payment to those described, and specially rer ferréd.to in the section and sentence where the words occur.. Such- canncjt, it seems to me, be the true construction of the act.
It is, not necessary for us -to explain why it was that a period was fixed to the income tax proper,,- and not to the taitas payable by the companies on dividends and interest. The former was an exceedingly odious tax, involving air inquiry into all the sources of every individual’s income* and' it 'piay well have been the design of Congress to indicate frota'the start that it was to be only temporary in its operation. But no one, I think, can carefully comeare the two acts, of 1862 and 1864, without coming to the Conclusion' that the limit of the income'tax was affixed .only to that-tax-designated as'“income tax” in the ant of 1862.
Judgment reversed.